**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 8, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MAKSIM VLADIMIROVIC
TIMOSHCHUK, a/k/a Mad Max,
a/k/a Mad One, a/k/a Maksim Vladimar
Timoshchuk,

     Petitioner,

v.

JEFFERSON B. SESSIONS, III,
United States Attorney General,

    Respondent.

No. 17-9518
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **O'BRIEN**, Circuit Judges.
_____

Maksim Timoshchuk, a native and citizen of Ukraine proceeding pro se, seeks

review of the decision of the Board of Immigration Appeals (BIA) upholding an

immigration judge's (IJ) order denying his application for asylum, cancellation of

removal, and protection under the Convention Against Torture (CAT).  We dismiss

the petition for review for lack of jurisdiction.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Timoshchuk was brought to the United States with his family in 2002 at the age of nine as a refugee. In 2005, he adjusted status to lawful permanent resident. In April 2015, he was convicted on guilty pleas in Colorado state court of forgery, in violation of Colo. Rev. Stat. § 18-5-102(1)(e), and possession of methamphetamine and heroin, in violation of Colo. Rev. Stat. § 18-18-403.5(1) & (2)(a). He was sentenced to probation. In August 2015, his probation was revoked and he was sentenced to three years in prison. He was released after serving eleven months and was then taken into custody by Immigration and Customs Enforcement (ICE).

Timoshchuk conceded his removability and admitted his criminal convictions. He filed for asylum, withholding of removal, and CAT protection. Applying 8 U.S.C. § 1158(b)(2)(A)(ii) & (B)(i), the IJ determined Timoshchuk was ineligible for asylum because he had been convicted of an aggravated felony—the Colorado forgery conviction. The IJ then addressed Timoshchuk's request for cancellation of removal and CAT protection. Although the IJ found his testimony credible, the IJ determined the events Timoshchuk and his family had endured in Ukraine, allegedly due to their Pentecostal Christian faith, did not rise to the level of persecution. The IJ further determined Timoshchuk had not demonstrated a reasonable fear of future persecution based on his Pentecostal religious beliefs or his political opinion. The IJ then concluded Timoshchuk had not submitted sufficient evidence to establish he was more likely than not to be tortured by the Ukrainian government, and therefore rejected the CAT claim. Timoshchuk appealed to the BIA, arguing the IJ erred in finding he had not established past persecution or a reasonable fear of future

2

persecution based on his religious beliefs. The BIA reviewed the IJ's determinations on cancellation of removal and CAT protection, and dismissed the appeal.

Timoshchuk now seeks review in this court. He asserts his convictions for possession of controlled substances under Colorado law did not preclude cancellation of removal because he did not "possess" the drugs but, rather, consumed them due to his addiction. Similarly, he contends his Colorado forgery conviction could not be used to deny him relief.

"[W]e must first determine whether we have jurisdiction to consider [Timoshchuk's] claims." *Sosa-Valenzuela v. Gonzales*, 483 F.3d 1140, 1143 (10th Cir. 2007). We lack jurisdiction to review a final removal order "against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii), [or] (B) . . . of this title." 8 U.S.C. § 1252(a)(2)(C). 8 U.S.C. § 1227(a)(2)(A)(iii) refers to aggravated felonies and applies to Timoshchuk's forgery conviction. 8 U.S.C. § 1227(a)(2)(B), applies to controlled-substances convictions and applies to Timoshchuk's drug-possession convictions. Although we lack jurisdiction to review the removal order, we do have jurisdiction over constitutional claims or questions of law, 8 U.S.C. § 1252(a)(2)(D); *Alzainati v. Holder*, 568 F.3d 844, 847 (10th Cir. 2009). Therefore, § 1252(a)(2)(C) does not bar Timoshchuk's claims of Colorado statutory construction.

Even so, we lack jurisdiction for another reason. Timoshchuk did not present these claims to the BIA. We do not have jurisdiction over claims unless "the alien has exhausted all administrative remedies available as of right." *Torres de la Cruz v.*

3

*Maurer*, 483 F.3d 1013, 1017 (10th Cir. 2007) (ellipsis and internal quotation marks omitted); *see also* 8 U.S.C. § 1252(d)(1). Moreover, the alien "must present the *same specific legal theory* to the BIA before he or she may advance it in court." *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010). We thus lack jurisdiction over Timoshchuk's argument asserting his Colorado convictions do not preclude the relief of cancellation of removal.

In his appellate reply brief, Timoshchuk presents additional constitutional arguments, asserting claims based on equal protection, double jeopardy, cruel and unusual punishment, and due process. Again, Timoshchuk did not raise these arguments to the BIA so we lack jurisdiction to consider them. *Torres*, 483 F.3d at 1017.

We also lack jurisdiction to address Timoshchuk's appellate arguments claiming the IJ and the BIA erred in holding he did not meet his burden of proof to show entitlement to cancellation of removal or CAT protection, and his status as a "refugee" precludes removal. These arguments do not qualify as constitutional or legal claims triggering our jurisdiction under § 1252(a)(2)(D). Not all legal issues qualify; only "issues regarding statutory construction" do so. *Shepherd v. Holder*, 678 F.3d 1171, 1179 (10th Cir. 2012) (internal quotation marks omitted).

Finally, Timoshchuk claims his detention by ICE "violated expedited removal." Aplt. Op. Br. at 8. The record does not include an expedited removal order. He apparently argues he was wrongfully held in ICE custody after he was ordered removed. But not only did the IJ inform him he could waive his appeal from

4

the IJ's decision and be removed forthwith, he filed a request for a stay of removal pending appeal, which this court denied. These circumstances indicate he did not want to be removed to Ukraine immediately. And even if Timoshchuk had a claim based on ICE detention, he did not present it to the BIA, so we lack jurisdiction. *Torres*, 483 F.3d at 1017-18.

The petition for review is DISMISSED for lack of jurisdiction. Timoshchuk's request to proceed on appeal *in forma pauperis* is DENIED AS MOOT. Since we have addressed his petition for review, prepayment of fees is no longer an issue. The relevant statute, 28 U.S.C. § 1915(a), does not permit litigants to avoid payment of fees; only prepayment of fees is excused. Accordingly, Timoshchuk is required to pay all fees ($500). Payment must be made to the Clerk of this Court. *See* Fed. R. App. P. 15(e).

Entered for the Court


Terrence L. O'Brien
Circuit Judge

5